(25 Misc. Rep. 59.)

### LANIER v. MILLIKEN et al.

(Supreme Court, Special Term, New York County. October, 1898.)

MORTGAGES—PRIORITIES—SATISFACTION OF FIRST MORTGAGE BY JUNIOR MORTGAGEE—SUBROGATION.

A lender of money relied on his attorney's representation that the mortgage taken was a prior lien, though in reality it recited that it was subject to another mortgage. The second mortgage was recorded. Subsequently plaintiff made a loan on the representation of the same attorney, who was also the attorney of the owner of the equity, that the first mortgage was the only lien on the property. Plaintiff paid off the first mortgage, and caused it to be satisfied of record, and then accepted the mortgage in dispute to cover the cost of taking up the first mortgage, the payment of taxes, etc., and the loan. The mortgagees remained in mutual ignorance of each others rights for years. *Held*, that plaintiff's rights were superior to the extent of all the rights under the first mortgage prior to its satisfaction, and the amount paid for taxes, etc., irrespective of whether the recording of the second mortgage was notice to plaintiff at the time he made his loan, since the second mortgage was by its terms expressly subject to the first mortgage; and for the further reasons that the second mortgagee was not misled by the satisfaction of the first mortgage, on account of his ignorance of its existence, and that plaintiff's loan was on the request of the holder of the equity of redemption, to pay off the first mortgage, after the owner had been pressed for payment.

Action by Stella L. Lanier against David Milliken and others to foreclose a mortgage. Judgment in favor of plaintiff.

Thos. Fenton Taylor, for plaintiff.
Geo. W. Greene, for defendants.

FREEDMAN, J. Russell H. Hoadley had full opportunity to examine the bond and mortgage upon which he made his loan, and in fact he made, as he admits, some sort of an examination before he accepted it. A proper examination would have immediately disclosed to him that his mortgage was made expressly subject to the lien of the $6,000 mortgage held by Sarah A. Hardy. He failed to discover this fact, and accepted and retained the mortgage, and there-

after sent it to be recorded.    According to his testimony, he relied on the representations of his attorney to the effect that all was right.

In December following, the plaintiff's assignor made a loan and accepted a bond and mortgage upon the same property, upon the representation of the same attorney, who was also the attorney of the owner of the equity of redemption, to the effect that there was no other mortgage except the Hardy mortgage; and he thereupon paid off the Hardy mortgage, caused it to be satisfied of record, and accepted the bond and mortgage of $8,000 in suit, and had said mortgage recorded.  At the same time he paid for arrears of taxes, $226.65; for taxes of 1892, $106.86; for Croton water taxes, $14.95; and some expenses; and the balance to the owner of the equity of redemption.

Both parties having been misled by the same attorney, and having thereafter remained for years in mutual ignorance of each other's rights, and of the record of their respective mortgages, the present controversy turns upon the question whether, by filing the satisfaction-piece for the Hardy mortgage, the plaintiff thereby, as against Hoadley, so destroyed the lien of said mortgage that he can no longer be subrogated, and that for that reason the Hoadley mortgage acquired a priority over plaintiff's mortgage in suit.    The question remains the same, even if it be held that the record of the Hoadley mortgage was notice to the plaintiff at the time he made his loan; for if he had examined the records at that time he would have found that the Hoadley mortgage was in express terms made subject to the Hardy mortgage.    Hoadley, on the other hand, was not misled by the satisfaction of the Hardy mortgage and the taking by the plaintiff of a larger mortgage, because he never examined and never became aware of the state of the record until about the time of the institution of the present suit.

Upon a full consideration of all the facts and circumstances, the case is not one for the application and enforcement of the rule that, when a junior lienor is put into the first place by the deliberate cancellation of a prior lien, neither actual nor constructive knowledge deprives him of his advantage, and that in such a case a volunteer cannot acquire either an equitable lien or the right of subrogation.

Plaintiff's assignor made his loan to pay off a security at the request of the owner of the equity of redemption, to the discharge of which said owner was bound, after such owner had been pressed for payment, and upon the assurance of the attorney of both the owner of the equity of redemption and of Hoadley that the only incumbrance upon the property, except certain unpaid taxes, was the Hardy mortgage; that the said owner had not sold or mortgaged the property except to Hardy; that there were no judgments against such owner; and that the loan to be made would be a first lien on the property. Under these circumstances, the superior equity is with the plaintiff.

The plaintiff should, therefore, have judgment of foreclosure and sale, and decreeing, among other things, that she should be subrogated to all the rights which had attached to the Hardy mortgage before its satisfaction, and that to that extent, and to the extent of the amounts paid for taxes, arrears of taxes, and water rents, plaintiff's mortgage should have precedence over and above the Hoadley

mortgage. But, beyond the aggregate amount which these matters may foot up to, the plaintiff's mortgage should be subordinate to the Hoadley mortgage.

Decision and judgment to be entered on notice in conformity with the foregoing memorandum. Ordered accordingly.